IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiffs, | : | |
| | : | 3:18-CV-142 (CAR) |
| v. | : | |
| | : | |
| J. HARVEY ELERSON, J.R., | : | |
| and MICHELL ELERSON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

On November 1, 2018, Plaintiff the United States of America filed this action seeking to reduce Defendants J. Harvey Elerson, Jr. and Michell Elerson's unpaid federal taxes to judgment. Defendants have not answered nor filed any response. Upon Plaintiff's request, the Clerk of Court entered default, and now Plaintiff has filed its Motion for Default Judgment. Having fully considered Plaintiff's arguments, the Complaint, and the relevant law, the Court **HEREBY GRANTS** Plaintiff's Motion [Doc. 12] for the reasons set forth below.

## BACKGROUND

"When a taxpayer fails to pay assessed taxes after notice and demand, the Government may bring a suit to reduce the assessment to judgment. *See* 26 U.S.C. §§

1

7401–7403."[1] Plaintiff's Complaint alleges three counts. In Count One, Plaintiff alleges that as a married couple, Defendants jointly filed Individual Income Tax Returns for Tax Years 2007 – 2012 and reported a federal income tax liability on each, but they did not pay the taxes they reported in full. Plaintiff asserts that a delegate of the Secretary of Treasury notified Defendants their unpaid taxes, but Defendants failed to pay. As of November 3, 2018, Defendants owed a total of $740,245.81 for their unpaid federal income taxes, penalties, and interest, together with interest and statutory additions that continue to accrue. Due to the accruing interest and statutory additions, as of February 4, 2019, the Elersons owed $750,415.52 in unpaid federal income taxes for Tax Years 2007 – 2012, together with accruing interest and statutory additions.[2]

In Count Two, Plaintiff asserts that Defendant J. Harvey Elerson, Jr. owes unpaid employment taxes for 2010 and 2011 from his dental practice of which he was the sole-proprietor, and as the sole owner and operator, Defendant is personally responsible for these tax debts. Plaintiff states that the IRS assigned Defendant's dental practice an Employer Identification Number (EIN) which Defendant used to report the practice's income and expenses on Schedule C of Defendant's Forms 1040 and to file Forms 941 ("Employer's Quarterly Federal Tax Return") that reported employment taxes for the following quarterly tax periods: 06/30/2010; 09/30/2010; 12/31/2010; 03/31/2011;

---

[1] *United States v. Ryals*, 480 F.3d 1101, 1104 (11th Cir. 2007).
[2] Motion for Default Judgment, [Doc. 12, p. 2].

2

06/30/2011; and 09/30/2011. Plaintiff alleges Defendant did not pay in full the employment taxes reported on his dental practice's Forms 941 and as of November 3, 2018, Defendant owed the United States $52,475.49 in unpaid employment taxes, together with interest and statutory additions that continue to accrue. Despite proper notice and demand for payment by a delegate of the Secretary of the Treasury, Defendant has failed to pay the taxes he owes. Due to the accruing interest and statutory additions, as of February 4, 2019, J. Harvey Elerson, Jr. owed $53,199.23 for his unpaid employment taxes for 2010 and 2011, together with interest and statutory additions.[3]

In Count Three, Plaintiff alleges that sometime after 2010, but before 2013, Defendant J. Harvey Elerson, Jr. incorporated his dental practice and formed J. Harvey Elerson, Jr. DMD LLC, of which he was the sole owner and operator. Plaintiff asserts that Defendant signed Forms 941 on behalf of the LLC, had control over the bank accounts, and was responsible for paying the LLC's obligations. As an employer, the LLC is legally required to withhold federal income taxes and Federal Insurance Contribution Act taxes from its employees' wages and turn over these withholding to the United States.

Plaintiff alleges that under Defendant's direction, the LLC failed to withhold and/or to pay over the income and employment taxes withheld from employee wages as required by law. Plaintiff asserts that although Defendant knew that the LLC was not

---

[3] Motion for Default Judgment, [Doc. 12, p. 3].

withholding and/or paying its employees' income and employment taxes over to the United States, he nevertheless authorized payment of other general operating expenses of the LLC, such as payroll. Plaintiff states that the IRS has determined that Defendant was responsible for collecting, accounting for, and/or paying over to the United States the income and employment taxes withheld from the wages of employees of the LLC, and that he willfully failed to do so for taxable periods from 2013 to 2016. As of November 3, 2018, Defendant owed the United States $117,861.67 in unpaid trust fund recovery penalties assessed against him for the LLC, together with interest statutory additions that continue to accrue. Due to the accruing interest and statutory additions, as of February 4, 2019, J. Harvey Elerson, Jr. owed $119,487.22 in unpaid trust fund recovery penalties, together with interest and statutory additions.[4]

Plaintiff filed suit on November 18, 2018. On November 20, 2018, Defendant Michell Elerson was personally served with process for her and her husband at their residence.[5] Defendants have failed to file a responsive pleading. Plaintiff therefore moved for entry of default, and the Clerk of Court properly entered default on December 20, 2018. Due to the Government shutdown, the Court stayed Plaintiff's deadline for filing a Motion for Default Judgment. After the administrative stay was lifted, Plaintiff filed its

---

[4] Motion for Default Judgment, [Doc. 12, p. 3].
[5] [Doc. 5]. Fed. R. Civ. P. 4(e)(2)(b) provides that an individual may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

Motion for Default Judgment on February 4, 2019. Defendants have not responded, and Plaintiff's Motion is ripe for ruling.

## DISCUSSION

In considering any motion for default judgment, the Court must examine (1) its jurisdiction; (2) liability; and (3) damages.[6] Here, the Court has federal question jurisdiction over the instant case pursuant to 28 U.S.C. § 1331, as well as jurisdiction pursuant to 28 U.S.C. § 1345, since this suit was brought by the United States, and jurisdiction under 28 U.S.C. § 1340 and 26 U.S.C. § 7402(a) to enforce federal internal revenue laws. Defendants reside in Athens, Georgia, were properly served with process, and are therefore subject to personal jurisdiction in this Court. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 and under Local Rule 3.4.

Prior to obtaining a default judgment, the party seeking judgment must first obtain an entry of default from the Clerk of Court. An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…."[7] Plaintiff has satisfied this requirement.

The mere entry of default, however, does not mandate a default judgment. Instead, the Court must find a sufficient basis in the pleadings for judgment to be

---

[6] *See Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).
[7] Fed. R. Civ. P. 55(a).

5

entered.[8] Default is not an admission of liability, but it is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.[9] The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law."[10] Before entering a default judgment for damages, the Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."[11]

For Count One, the Court finds that Plaintiff's well-pleaded allegations in the Complaint, which are deemed admitted, are sufficient to state a viable cause of action against J. Harvey Elerson, Jr. and Michell Elerson for $750,415.52 in unpaid federal income taxes, together with interest and statutory additions.[12] Plaintiff has alleged that it properly assessed federal income tax liabilities against Defendants for Tax Years 2001-2012,[13] properly gave Defendants notice of their unpaid taxes, and that Defendants have failed to pay the taxes owed. These facts are taken as true, and they are a substantive,

---

[8] *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all cases decided by the former Fifth Circuit before October 1, 1981.
[9] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).
[10] 515 F.2d at, 1206.
[11] *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).
[12] To determine the amounts owed, Court considers Plaintiff's documentation of the interest and statutory additions in its Motion for Default Judgment in addition to allegations in the Complaint. *United States v. Wagner*, No. 216CV292FTM38MRM, 2016 WL 4473471, at *3 (M.D. Fla. Aug. 3, 2016), *report and recommendation adopted*, No. 216CV292FTM38MRM, 2016 WL 4441533 (M.D. Fla. Aug. 23, 2016) (" [t]he Court can consider both the allegations of the Complaint and the Motion's supporting affidavit and documents to include accrued interest and penalties.").
[13] The tax periods listed in paragraph 9 of the Complaint, [Doc. 1, p. 3, para. 9].

sufficient basis for the relief sought by Plaintiff.

For Count Two, the Court finds that Plaintiff's well-pleaded allegations in the Complaint, which are deemed admitted, are sufficient to state a viable cause of action against Defendant J. Harvey Elerson, Jr. for $53,199.23 in unpaid employment taxes from his dental practice for 2010 and 2011,[14] together with accrued interest and statutory additions. Plaintiff has alleged that Defendant is personally responsible for the tax debts of his dental practice of which he was the sole-proprietor, that Plaintiff properly assessed $52,475.49 in unpaid employment taxes, notified Defendant of his default, demanded payment, and Defendant failed to pay the taxes he owes. These facts are taken as true, and they are a substantive, sufficient basis for the relief sought by Plaintiff.

For Count Three, the Court finds that Plaintiff's well-pleaded allegations in the Complaint, which are deemed admitted, are sufficient to state a viable cause of action against Defendant J. Harvey Elerson, Jr. for $119,487.22 in unpaid trust fund recovery taxes from J. Harvey Elerson, Jr. DMD LLC for tax periods from June 30, 2013, to February 31, 2016, [15] together with accrued interest and statutory additions.

Pursuant to 26 U.S.C. §§ 3102(a), 3402(a)(1) employers are required to withhold income taxes and Federal Insurance Contribution Act (FICA) taxes from their employee's wages when they are paid. This tax revenue is to be "held in a special fund in trust for

---

[14] The tax periods listed in paragraph 17 of the Complaint, [Doc. 1, p. 4, para. 17].
[15] The tax periods listed in paragraph 28 of the Complaint, [Doc. 1, p. 6, para. 28].

the United States."[16] A responsible person who willfully fails to perform a duty to collect, account for, or pay over federal employment taxes," is liable for such taxes pursuant to 26 U.S.C. § 6672.[17] Whether a person is responsible is "a matter of status, duty, and authority," and "[i]ndicia of responsibility include the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees."[18] "The essential question is whether the person had sufficient control over corporate affairs to avoid non-payment of the employment taxes."[19]

Here, based on the facts in the Complaint which we accept as true, Defendant J. Harvey Elerson, Jr. clearly had sufficient control over the corporate affairs of his LLC to be responsible for withholding and paying over federal trust fund taxes. Defendant was the sole owner and operator of the LLC, he had control over the bank accounts, and he filed and signed Forms 941 on behalf of the LLC. As illustrated by Eleventh Circuit precedent, Defendant was a person responsible for collecting, accounting for, and paying trust fund taxes.[20]

---

[16] 26 U.S.C. § 7501.
[17] *Thosteson v. United States*, 331 F.3d 1294, 1298 (11th Cir. 2003) (citing *Williams v. United States,* 931 F.2d 805, 810, *reh'g granted and opinion supplemented,* 939 F.2d 915 (11th Cir.1991)); 26 U.S.C. § 6672.
[18] *Scott v. United States*, 825 F.3d 1275, 1279 (11th Cir. 2016) (internal citations and quotations omitted).
[19] *Id.*
[20] In *Scott*, the court summarized the following cases in which the Eleventh Circuit found the defendants to be responsible people: "In *Mazo v. United States*, the taxpayers were all director-officers-stockholders or their manager, who all had the authority to sign checks on the regular business account. 591 F.2d at 1155. The manager and directors had complete control of the affairs of the company while the manager signed most of the checks from the payroll and salvage account. *Id.* at 1155–56. And, in *Williams v. United States*, 931 F.2d 805, 810 (11th Cir. 1991), we held the taxpayer was a responsible person when he was the president

The Complaint also alleges sufficient factual allegations, which accepted as true, show that Defendant willfully failed to fulfill his duty to withhold and/or pay over the trust fund taxes. The Eleventh Circuit has held that the "willfulness requirement of § 6672 is satisfied if the responsible person has knowledge of payments to other creditors after he becomes aware of the failure to remit the withheld taxes."[21] "There is no requirement that willfulness of the responsible person include[s] a fraudulent or other bad motive."[22] Here, the Complaint alleges that "[a]lthough Elerson knew that the LLC was not complying with its obligations to withhold and pay over to the United States its employees' income and employment taxes, he nevertheless authorized payment of other general operating expenses of the LLC, such as payroll."[23]

Based on the foregoing facts, which are deemed admitted, and which are supported by the Declaration of Revenue Officer Dorice Shumake attached to Plaintiff's Motion for Entry of Default Judgment,[24] Plaintiff has met its burden to state cause of action, and the Court concludes there is a substantive, sufficient basis in the pleadings for the relief sought.[25] Because the damages Plaintiff seeks are "capable of mathematical

---

and chief operating officer, had check-writing authority, owned 50 percent of the corporation during one quarter at issue and 100% during the other, and had control over and supervised all of the corporation's daily operations. *See also Brown v. United States*, 591 F.2d 1136 (5th Cir. 1979) (holding taxpayers were responsible because they managed the daily operations of the corporation, owned half of the stock, had check-writing authority, and personally guaranteed the corporation's debts)." 825 F.3d at 1279–80.

[21] *Thosteson v. United States*, 331 F.3d 1294, 1300 (11th Cir. 2003) (internal citations and quotations omitted).
[22] *Brown v. United States*, 439 Fed. Appx. 772, 776 (11th Cir.2011) (Citing *Thosteson,* 331 F.3d at 1300).
[23] Complaint, [Doc. 1, p. 12, para. 27].
[24] Motion for Default Judgment, [Doc. 12, Ex. 1].
[25] *Tyco Fire & Sec., LLC*, 218 F. App'x at 863.

calculation," a hearing is not necessary.[26]

## CONCLUSION

Thus, Plaintiff's Motion for Default Judgment as to Complaint to Reduce Taxes to Judgment [Doc. 12] is hereby **GRANTED**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff as follows:

A. Against J. Harvey and Michell Elerson, jointly and severally, in the amount of $750,415.52 as of February 4, 2019, together with interest under 26 U.S.C. §§ 6621, 6622 and statutory additions, for the Elersons' unpaid federal income tax liabilities for tax years 2007 through 2012;

B. Against J. Harvey Elerson in the amount of $53,199.23 as of February 4, 2019, together with interest under 26 U.S.C. §§ 6621, 6622 and statutory additions, for Elerson's liability for employment taxes for the quarterly tax periods ending: 06/30/2010; 09/30/2010; 12/31/2010; 03/31/2011; 06/30/2011; and 09/30/2011; and

C. Against J. Harvey Elerson in the amount of $119,487.22 as of February 4, 2019, together with interest under 26 U.S.C. §§ 6621, 6622, for Elerson's trust fund recovery penalty liabilities pursuant to 26 U.S.C. § 6672 and for the periods

---

[26] *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) ("[J]udgment of default awarding cash damages could not properly be entered 'without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.'") (quoting *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir.1985)); 26 U.S.C. §§ 6621, 6622.

ending 06/30/2013; 09/30/2013; 12/31/2013; 03/31/2014; 06/30/2014; 09/30/2014; 12/31/2014; 03/31/2015; 09/30/2015; 12/31/2015; and 03/31/2016.

**SO ORDERED,** this 21st day of June, 2019.

                                           <u>S/ C. Ashley Royal</u>
                                           C. ASHLEY ROYAL, SENIOR JUDGE
                                           UNITED STATES DISTRICT COURT