IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 3:18-CV-142 (CAR) |
| v. | : | |
| | : | |
| J. HARVEY ELERSON, JR. and | : | |
| MICHELL ELERSON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER ON THE GOVERNMENT'S MOTION TO COMPEL

Before the Court is the Government's Motion to Compel Defendant J. Harvey Elerson, Jr. to comply with its subpoena and appear for his deposition. As explained below, the Government's Motion [Doc. 19] is **GRANTED**, and Mr. Elerson is hereby **ORDERED** appear for his deposition at the date, time, and location to be noticed by the Government. Should Mr. Elerson fail to appear again, he may be held in **CONTEMPT OF COURT** and subject to severe sanctions—including, but not limited to, fees, costs, and serving time in the county jail until compliance is established.

### BACKGROUND

On November 1, 2018, the Government filed this action against Mr. Elerson and his spouse, Michell Elerson, seeking to recover unpaid employment tax and trust fund recovery penalty liabilities from Mr. Elerson, and unpaid income taxes from both

1

Defendants.[1] Despite being properly served with the Complaint, neither Mr. or Mrs. Elerson answered or otherwise responded to the Complaint.[2] The Government applied for an entry of default, and thereafter, moved for default judgment.[3] The Court granted the Motion and entered default judgment in favor of the United States of America on June 21, 2019.[4]

Pursuant to Federal Rule of Civil Procedure 69(a)(2), the Government initiated post-judgment discovery to evaluate collection avenues. These efforts included attempting to depose Mr. Elerson. On June 8, 2023, the Government personally served Mr. Elerson with a subpoena to testify at a deposition on June 26, 2023.[5] In addition to serving Mr. Elerson, counsel for the Government emailed him on June 20, 2023, to remind him of the deposition.[6] The email stated:

> First, if you have an attorney, please forward this email to them. I must communicate with them instead of with you.
>
> Please let this email serve as a reminder that you are required to appear for a deposition at the United States Attorney's Office for the Northern District of Georgia(75 Ted Turner Dr SW, Ste 600, Atlanta, GA 30303) next Monday at 9:30am. Upon arriving, inform security that your point of contact is Sally Jones in the U.S. Attorney's Office.
>
> Please also keep in mind that there are consequences for failing to appear, including but not limited to being held responsible for the costs and fees incurred by the United States for the deposition.[7]

---

[1] *See generally*, Complaint [Doc. 1].
[2] Affidavits of Proof of Service for Mr. and Mrs. Elerson, [Docs. 5-1, 5-2].
[3] Application for Entry of Default, [Doc. 6]; Motion for Default Judgment, [Doc. 12].
[4] Order granting Motion for Default Judgment, [Doc. 14]; Default Judgment, [Doc. 15].
[5] Subpoena to Testify, [Doc. 19-1].
[6] June 20, 2023, Email from DOJ Trial Attorney C. Tallulah Lanier to Mr. Elerson, [Doc. 19-2].
[7] *Id*.

Mr. Elerson did not respond.[8] After Mr. Elerson failed to appear by the scheduled start time for his deposition on June 26, 2023, counsel for the Government once again emailed Mr. Elerson. The email advised Mr. Elerson the Government would wait for his appearance until 10:30 AM—an hour after the deposition was scheduled to begin—and thereafter mark him as failing to appear.[9] Additionally, the Government cautioned Mr. Elerson that "there are consequences for failing to appear, including but not limited to being held responsible for the costs and fees incurred by the United States for the deposition."[10] Mr. Elerson did not respond.[11] At 10:25 AM, counsel for the Government called Mr. Elerson's workplace, Smith Dental Care of Athens, Inc., and spoke with an employee who indicated that Mr. Elerson was at the office but currently seeing patients.[12] Counsel provided her contact information and requested that the employee inform Mr. Elerson she was attempting to reach him.[13]

Mr. Elerson failed to appear or respond. At 10:27 AM, counsel for the Government opened the record, noted Mr. Elerson's non-appearance and the information learned from his employer, and then closed the record.[14]

---

[8] *See* Declaration of DOJ Trial Attorney C. Tallulah Lanier ("Lanier Decl."), [Doc. 19-6].
[9] June 26, 2023, Email from DOJ Trial Attorney C. Tallulah Lanier to Mr. Elerson, [Doc. 19-3].
[10] *Id*.
[11] Lanier Decl., [Doc. 19-6] at ¶ 6.
[12] *Id*. at ¶ 7.
[13] *Id*.
[14] *Id*. at ¶ 8; *see also* Certificate of Non-Appearance, [Doc. 19-4].

3

The Government now files this Motion seeking an order compelling Mr. Elerson to appear at a deposition and to pay the costs incurred—in the amount of $996.95—for his non-appearance at the properly-noticed deposition.[15] The Government represents it attempted in good faith to confer with Mr. Elerson before filing this Motion to Compel, but Mr. Elerson did not respond to its calls or emails.[16]

## ANALYSIS

Federal Rule of Civil Procedure 37 authorizes district courts to order sanctions where a party fails to appear for a properly noticed deposition.[17] Rule 37 requires the moving party's motion for sanctions to "include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."[18] Rule 37's protections extend to Federal Rule of Civil Procedure 69 which, here, authorized the Government to depose Mr. Elerson without first obtaining leave of court.[19]

Rule 69 states: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the

---

[15] Capital Reporting Company Invoice, [Doc. 19-5]; Lanier Decl., [Doc. 19-6] at ¶ 9.
[16] Certificate of Conferral, [Doc. 19] at p. 5.
[17] Fed. R. Civ. P. 37(d)(1)(A)(i).
[18] Fed. R. Civ. P. 37(d)(1)(B).
[19] *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967); *see also* C. Wright & A. Miller, *Federal Practice and Procedure* § 3014 (2022) ("A judgment creditor may use the discovery devices provided in Civil Rules 26 to 37[.]").

4

procedure of the state where the court is located."[20] Thus, "[t]he law allows judgment creditors to conduct full post-judgment discovery to aid in executing a judgment."[21] "The broad scope of post-judgment discovery permits a judgment creditor to discover assets of the judgment debtor upon which execution may be made."[22]

As an initial matter, the Court notes that from the outset, Mr. Elerson has demonstrated a callous disregard for the judicial process and the serious nature of this matter by refusing to participate in any stage of this case. The Court will no longer tolerate Mr. Elerson's behavior. The record establishes Mr. Elerson failed to appear after the Government properly noticed his deposition. Likewise, the Government has satisfied Rule 37's certification of conferral requirement. Thus, the Court concludes the Government is entitled to an order compelling Mr. Elerson's attendance at a deposition and to pay the costs incurred—in the amount of $996.95—for his non-appearance at the properly noticed deposition.[23] The Court finds no special circumstances which would make an award of expenses unjust under these circumstances.[24]

---

[20] Fed. R. Civ. P. 69(a)(2); *see also In re Clerici*, 481 F.3d 1324, 1336 (11th Cir. 2007) ("Rule 69(a) provides the process by which a judgment creditor can enforce a money judgment and authorizes post-judgment discovery in aid of execution of that judgment."); *see also Sequoia Fin. Sols., Inc.*, 2017 U.S. Dist. LEXIS 14326, 2017 WL 445713, at * 2 ("In absence of determination by trial court that judgment has been satisfied, plaintiff is entitled, as matter of law, to executions on judgment and discovery pursuant to Rule 69.") (citation and quotations omitted).
[21] *SMS Fin. Xxiv, LLC v. Flynn*, No. 1:19-mi-00009-WMR-RGV, 2020 U.S. Dist. LEXIS 268082, at *2-3 (N.D. Ga. Sep. 30, 2020) (citing *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998)).
[22] *Id*. (citing *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)).
[23] Capital Reporting Company Invoice, [Doc. 19-5]; Lanier Decl., [Doc. 19-6] at ¶ 9.
[24] *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

The Court cautions Mr. Elerson that if he fails to appear for his deposition, he may be held in contempt of court and subject to severe sanctions. District courts "have inherent power to enforce compliance with their lawful orders through civil contempt."[25] Upon a finding of civil contempt, district courts have broad discretion in fashioning appropriate sanctions—including, but not limited to, fees, costs, and imprisonment until compliance is established.[26] Although Mr. Elerson appears to be proceeding *pro se*, this does not render him any less subject to sanctions than a represented party.[27]

## CONCLUSION

For the reasons discussed, the Government's Motion to Compel [Doc. 19] is **GRANTED**. Mr. Elerson is hereby **ORDERED** to appear for his deposition at a date, time, and location to be noticed by the Government. Mr. Elerson is **ORDERED** to pay the costs incurred by the Government—in the amount of $996.95—for his non-appearance. If Mr. Elerson fails to appear again, he may be held in **CONTEMPT OF COURT** and subject to severe sanctions—including, but not limited to, fees, costs, and serving time in the county

---

[25] *Citronelle—Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966)); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Olympia Holding Corp.*, 140 F. App'x 860, 862-63 (11th Cir. 2005) (citing *Citronelle—Mobile Gathering, Inc.*, 943 F.2d at 1301).

[26] *Lawrence v. Goldberg (In re Lawrence)*, 279 F.3d 1294 (11th Cir. 2002); *Abbott Labs. v. Unlimited Beverages, Inc.*, 218 F.3d 1238, 1242 (11th Cir. 2000); *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)); *Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1536 n.8 (11th Cir. 1986).

[27] *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014) (per curiam) (observing that the sanctions available under Rule 37 "apply with equal force to pro se parties") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 350 (11th Cir. 2009) (per curiam) (noting that an unrepresented litigant is "subject to sanctions like any other litigant") (quoting *Moon*, 863 F.2d at 837).

jail until compliance is established. Counsel for the Government is **ORDERED** to serve a copy of this Order on Mr. Elerson along with its deposition notice.

    **SO ORDERED,** 18th day of August, 2023.

                                              s/ C. Ashley Royal_____
                                              C. ASHLEY ROYAL, SENIOR JUDGE
                                              UNITED STATES DISTRICT COURT