UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:18-cv-00142-CAR |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| J. HARVEY ELERSON, JR., and ) | |
| MICHELL ELERSON, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ORDER APPOINTING RECEIVER

THIS CAUSE comes before the Court on the United States' *ex parte* Application for Writ of Execution and Motion Appointing Receiver for substantial nonexempt property, specifically a 2001 Sea Ray 310 Sundancer vessel ("Vessel") as described further in the application, belonging to Defendant James Harvey Elerson, Jr. [Doc. 60] After consideration, and for good cause shown, the Court **GRANTS** the United States' request to appoint a receiver and finds the following:

WHEREAS on June 21, 2021, this Court entered judgment against: (a) both James Harvey Elerson, Jr. and Michell Elerson jointly and severally for $750,415.52 as of February 4, 2019, for their unpaid income tax liabilities for 2007 through 2012; (b) against Mr. Elerson individually for $53,199.23 as of February 4, 2019, for unpaid employment taxes for the periods ended June 30, 2010, through September 30, 2011; and (c) against

1

Mr. Elerson individually for $119,487.22 as of February 4, 2019, for unpaid trust fund recovery penalties for the periods ended June 30, 2013, through March 31, 2015, and September 30, 2015, through March 31, 2016. Doc. 15.

WHEREAS as of June 30, 2024, the total amount due was $1,216,722.66 for all periods. Interest and statutory additions continue to accrue;

WHEREAS the Court has granted the United States' writ of execution to seize and levy the Vessel described in that order;

WHEREAS the United States has moved for a receiver to be appointed to market and sell the levied Vessel;

IT IS THEREFORE ORDERED THAT:

1. Alvin "Bucky" Perry in association with Islands Entertainment, LLC is appointed as Receiver for the purposes of assisting in the execution and levy of the Vessel described below pursuant to 28 U.S.C. § 3023.

2. The principal duty of the Receiver is to maximize the net proceeds from the sale of the Vessel. The Receiver shall carry out this duty by acting in a commercially reasonable way to preserve or improve the value of the Vessel, market the Vessel, and sell the Vessel. The Receiver is not to act as the agent of any party, but as the disinterested appointee of the Court.

3. The Receiver is not required to post a bond.

4. Upon the entry of this Order, the Receiver is directed to receive access to

the Vessel. The Receiver shall work with the United States to hire a process server to serve the writ of execution on the Vessel and Judgment Debtor. At the Receiver's discretion, the Receiver may change the locks and any security devices to the Vessel and/or create new keys for the Vessel. The Receiver shall be reimbursed for those expenses from the sale proceeds.

5.  All persons must leave in place all fixtures, improvements, and major appliances connected to the Vessel. Within 14 days, Judgment Debtor must remove any other personal property aboard the Vessel. Any personal property not so removed will be deemed abandoned and may be disposed of (or sold) as determined to be appropriate by the Receiver. The Receiver, the United States Marshals Service (at the request of the Receiver), or both may supervise any person removing property from the Vessel.

6.  The Receiver has all the rights and powers necessary to fulfill the Receiver's obligations under this Order, specifically including, but not necessarily limited to, the power to enter onto the Vessel; to manage the Vessel; to advertise the sale of the Vessel; to take any action reasonably necessary to protect and preserve the value of the Vessel prior to sale; and to put the Vessel into saleable condition, including making expenditures of funds for reasonable maintenance, repairs, and improvements that are first approved by the United States in writing. The Receiver will be reimbursed for such expenditures from the sale proceeds with priority over all other claims or liens. Nothing in this Order shall be construed to mandate purchase of insurance if the Receiver and the United States

determine that the cost is too high, or the Vessel is covered under an existing policy.

7. The Receiver shall have the authority to arrange for the sale of the Vessel in any commercially reasonable manner approved by the United States. At minimum, the Receiver must:

    a. Coordinate with the United States to select a date for the sale;

    b. Coordinate with the United States to notice the sale for ten consecutive days prior to the sale at an appropriate county or city courthouse pursuant to 28 U.S.C. § 3203(g)(B)(iii);

    c. Notice the sale at the Port of Indecision Marina, where the Vessel is located, for ten consecutive days prior to the sale; and

    d. Market the sale in a commercially reasonable manner in the discretion of the Receiver and as approved by the United States.

8. The Receiver shall conduct the execution sale by public auction at the Port of Indecision Marina on the date listed on the notice of sale.

9. There shall be a minimum bid price for the public auction sale, which the United States will approve in consultation with the Receiver. Once a minimum bid is set, the Receiver has authority to accept a lower purchase offer with the approval of the United States or one that is five percent lower than the listing price without further approval of the United States.

10. The following terms will apply to any sale of the Vessel pursuant to this

Order:

    a.    The Vessel will be offered for sale "as is," with all faults and without any warranties either express or implied. Any contingencies included in any purchase contract (for example for inspection of fixtures) must be approved by the United States and must be fulfilled within a short, mutually agreed time after the Receiver signs a purchase contract.

    b.    The terms of any purchase agreement will require the balance of the purchase price to be paid at closing, and will include an earnest money deposit, payable by cashier's or certified check, in an amount determined by the Receiver upon consultation with the United States and forfeitable upon the purchaser's failure to perform. The Receiver may consult with counsel for the United States in assuring that necessary or appropriate modifications are made to any standard vessel purchase contract consistent with the Receiver's sale and the terms of this Order.

    c.    If the purchaser fails to fulfill the requirements in subparagraph (b) above, the sale will be treated as null and void, and the earnest money deposit will be forfeited as liquidated damages (subject to any lawful defenses of the would-be purchaser, which shall be determined by this Court) and distributed to the United States (for application to the

judgment debt in this matter) except to the extent the United States agrees to the Receiver's use of any part of a forfeited deposit to make repairs or improvements or to reimburse the Receiver for prior reimbursable expenditures. The Vessel will be again offered for sale under the terms and conditions of this Order of sale. The successful purchaser at the new sale will receive the Vessel free and clear of all rights, titles, claims, liens, and interests of the defaulting purchaser.

11. The terms of the purchase agreement shall include the balance of the purchase price paid in cash at closing, and shall include an earnest money deposit, in the amount to be approved by the United States, forfeitable upon the purchaser's failure to perform, and to be paid to the United States as liquidated damages.

12. At closing, and without further authorization of this Court, the purchaser or purchasers shall receive a Georgia Certified True Bill of Sale for Vessel (https://georgiawildlife.com/sites/default/files/wrd/pdf/boat-registration/Vessel-Bill-of-Sale.pdf). The purchase may use the completed bill of sale and this Court's Orders as sufficient documentation to register the vessel with the Georgia Department of Natural Resources.

13. The United States may tentatively approve the Receiver's acceptance of any purchase contract prior to closing.

14. The Receiver will be (a) compensated from the proceeds of the sale of the

Vessel in an amount equal to ten percent of the gross proceeds, and (b) reimbursed from the proceeds for the Receiver's reasonable and necessary expenditures as described above.

15.    The Receiver and any company under which the Receiver conducts business, and its employees, shall have no claim asserted against them relating to the Receiver's duties under this Order, except for claims due to their gross negligence, willful misconduct, or inexcusable failure to comply with this Court's orders. The Receiver and his employees, agents, and attorneys will have no personal liability with respect to any environmental liabilities arising out of or relating to the Vessel. No suit against the Receiver for damages will be brought unless upon the prior grant by this Court of a motion for leave.

16.    The Receiver may consult with counsel for the United States although said counsel does not represent the Receiver. The Receiver may also, through a written filing with the Court, request instructions from the Court regarding any responsibilities or activities about which the Receiver is uncertain. It is not anticipated that the Receiver will need to retain counsel, but the Receiver may petition the Court to appoint counsel to represent the Receiver if the Receiver concludes that counsel is required for a particular reason.

17.    The Receiver must keep separate, accurate records of all receipts and disbursements in connection with Vessel.

18. The Receiver shall pay from, and up to the limit of, the gross proceeds of sale, the following expenses in the order stated:

    a. First, to the Receiver for the payment of all expenses incurred in serving the writ, and the seizure, custody, maintenance, security, preparation, and marketing of the Vessel for sale and in carrying the writ of execution into effect;

    b. Second, to the Receiver for the payment of a commission equal to ten percent of the gross proceeds of the sale of the Vessel;

    c. Third, to the United States for application toward the outstanding judgment; and

    d. The balance of the of the gross proceeds of sale, if any, after deducting the expenses and paying the United States, shall be transferred the United States District Clerk, United States District Court for the Middle District of Georgia, 115 East Hancock Avenue, Athens, GA 30601. Any putative creditors or Judgement Debtor James Harvey Elerson, Jr. may move for the distribution of those proceeds.

19. The Receiver shall provide an accounting to the United States of all distributions from the sale proceeds no later than 10 days after the final distribution is made. No later than 21 days after the final distribution, the United States shall file a motion to discharge the Receiver, attaching the Receiver's accounting. (Provided,

however, that if the United States objects to any action of the Receiver, it shall file another appropriate motion instead of a motion to discharge.) Any person who objects to any action of the Receiver shall file a response to the United States' motion within 14 days of the date the motion is filed.

20. The United States Marshals Service is authorized and directed to use reasonable force to arrest any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order, including but not limited to, the refusing to grant access to the Receiver, and to prevent any person from causing damage to the Vessel at any time prior to sale closing, or otherwise committing waste against the Vessel. If the United States or the Receiver discovers that the Vessel is being damaged in any way, the United States Marshals Service is authorized to intervene in any way they deem necessary to stop the damage or waste without further order or authorization from the Court, including by coordinating with other federal, state, or local law enforcement agencies.

**SO ORDERED,** this 4th day of February, 2025.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT